# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRIS BAKER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0307-WS-B |
| ) | |
| RBS WORLDPAY, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This closed matter comes before the Court on defendants' Bill of Costs (doc. 71). The costs for which defendants seek reimbursement consist of $4,646.96 in court reporter fees spanning a dozen depositions, and $138.22 in photocopy charges, for a total of $4,785.18.

Plaintiffs Chris Baker, Richard Batto and Chris McMeekin brought this action against defendants RBS WorldPay, Inc., Royal Bank of Scotland, plc, and Citizens Financial Group, Inc., seeking to recover unpaid commissions on various state-law theories. On October 4, 2011, the undersigned entered an Order (doc. 69) and Judgment (doc. 70) granting summary judgment in defendants' favor on all claims and causes of action. On October 17, 2011, within the time frame specified by Local Rule 54.1(a)(1), defendants filed a Bill of Costs itemizing certain deposition transcription fees and document copying charges for which they seek reimbursement. The Bill of Costs was accompanied with a declaration by defendants' counsel of record, as required by 28 U.S.C. § 1924, to the effect that these costs were correct, that they were necessarily incurred in this action, and that the services for which the fees were charged were actually and necessarily performed.

Pursuant to Rule 54(d), Fed.R.Civ.P., the general rule is that costs "should be allowed to the prevailing party." *Id.* However, this rule does not confer upon district courts unfettered discretion to "tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Rather, statutory authorization is a necessary condition to the shifting of

costs. *See West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *see also U.S. Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) ("a court may only tax costs as authorized by statute"). "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920" in awarding costs to a prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

With regard to deposition transcripts, the relevant statute provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Deposition transcript fees are not recoverable if they were incurred "for convenience, to aid in thorough preparation, or for purposes of investigation only." *W&O*, 213 F.3d at 620 (citations omitted); *see also Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 202 (D.N.J. 2010) ("Costs for depositions obtained for the convenience of counsel or for investigatory or discovery purposes, which are not used or intended for use at trial, may not be taxed.") (citation omitted). The critical question, then, is whether the 12 sets of deposition costs identified by defendants in their Bill of Costs were "necessarily obtained for use in the case." As to the depositions of Chris Baker, Richard Batto, Chris McMeekin, Shadrick King, Gary Grant, Donald Hunt, Debbie Martin, Helen Finnigan, and Daniel Fisher, defendants used and relied on all those deposition transcripts in briefing their Rule 56 Motion, and submitted excerpts of same in support of that motion.[1] Such deposition transcript fees (in the total sum of **$4,106.66**) are properly taxable as costs because these depositions were necessarily obtained by defendants for use in the case. *See W&O*, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (citation and internal quotation marks omitted).

The deposition fees for witnesses Kara Gunderson, Jennifer Ward and Erik Holm rest on a different footing. Defendants did not rely on or submit excerpts from those depositions in

---

[1] Also, all of those deposition transcript fees are duly confirmed and documented by invoices appended to the Bill of Costs. *See generally Matusick v. Erie County Water Authority*, 774 F. Supp.2d 514, 533 (W.D.N.Y. 2011) ("only those deposition transcripts confirmed by invoice should be taxed as costs"); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp.2d 696, 709 (E.D. La. 2009) ("[a] party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred").

support of their motion or summary judgment. Moreover, all three of these witnesses were largely tangential to the issues presented in this case, and all apparently are (or were) defendants' employees, who were otherwise available to defendants outside of their depositions. While obtaining copies of their deposition transcripts may have been convenient for defendants or may have been an aid to defendants' investigation, the Court cannot conclude on this record that those particular transcripts were necessarily obtained for use in the case for purposes of § 1920(2). *See generally Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009) ("Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable."); *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002) ("the burden is on the party seeking costs … to establish the amount of compensable costs and expenses to which it is entitled"). Accordingly, the requested costs for the deposition transcripts of witnesses Gunderson ($213.60), Ward ($126.15) and Holm ($200.55) are **disallowed**, and will not be taxed against plaintiffs.

The statute also allows for taxation as costs of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In this regard, defendants request an award of costs (and provide backup documentation that they actually incurred such costs) in the amount of $138.22 for fees in the electronic reproduction of documents produced to opposing counsel in discovery. Such fees are properly taxable as costs. *See W&O*, 213 F.3d at 623 ("Copies attributable to discovery are a category of copies recoverable under § 1920(4).") (citation and internal quotation marks omitted); *Crandall v. City and County of Denver, Colo.*, 594 F. Supp.2d 1245, 1256 (D. Colo. 2009) (citing "ample authority for the proposition that a prevailing party's expenses in copying discovery material demanded by the losing side are properly taxed as costs"); *Florida Keys Citizens Coalition, Inc. v. U.S. Army Corps of Engineers*, 386 F. Supp.2d 1266, 1270 (S.D. Fla. 2005) ("Photocopies attributable to discovery … [and] documents tendered to the opposing party … are all recoverable" under § 1920(4)).[2]

---

[2] It makes no difference for § 1920(4) purposes that the "copying costs" at issue here were for electronic imaging, rather than old-fashioned photocopying of hard copies. *See, e.g., BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (opining that electronic scanning and imaging costs were properly taxed under § 1920(4) because "electronic scanning and imaging could be interpreted as 'exemplification and copies of papers'" for
(Continued)

For all of the foregoing reasons, costs are hereby **taxed** against plaintiffs pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1), in the total amount of **$4,244.88**, including $4,106.66 for deposition transcript fees plus $138.22 for copies of documents produced to opposing counsel in discovery.

DONE and ORDERED this 19th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

purposes of the statute); *Brown v. The McGraw-Hill Companies, Inc.*, 526 F. Supp.2d 950, 959 (N.D. Iowa 2007) ("The court finds that the electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper,' and, therefore, can be taxed pursuant to § 1920(4)."); *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 2011 WL 1748620, *8 (W.D. Pa. May 6, 2011) (recognizing that "courts have allowed a prevailing party to recover the costs of converting paper documents into electronic files where the parties agreed that responsive documents would be produced in an electronic format").